Filed: 9/27/2021 4:40 PM
Clerk
Allen County, Indiana
RJ

| | | |
|---|---|---|
| STATE OF INDIANA ) | | IN THE ALLEN SUPERIOR COURT |
| ) SS: | | CIVIL DIVISION |
| COUNTY OF ALLEN ) | | CAUSE NO. **02D09-2109-CT-000515** |
| | | Allen Superior Court 9 |

| | |
|---|---|
| SUSAN SMALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| WAL-MART STORES EAST, LP d/b/a | ) |
| WALMART SUPERCENTER, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES

Comes now the Plaintiff, Susan Small, by counsel, and for her Complaint for Damages against the Defendant, Wal-Mart Stores East, LP d/b/a Walmart Supercenter, alleges and asserts that:

1. At all times mentioned herein, Plaintiff, Susan Small, was a resident of Sarasota County, State of Florida.

2. At all relevant times herein, upon information and belief, Defendant Wal-Mart Stores East, LP d/b/a Walmart Supercenter (hereinafter referred to as "Defendant"), was a foreign limited partnership licensed and doing business in the State of Indiana on September 11, 2020.

3. Defendant has a store located at 5311 Coldwater Rd., in the County of Allen, State of Indiana, City of Fort Wayne, also referred to as Store #1419.

4. On or about September 11, 2020, Plaintiff Susan Small (hereinafter referred to as "Plaintiff") was lawfully on the premises mentioned above of Defendant as a business invitee.

EXHIBIT A

5. Plaintiff was walking through a common area of Defendant's store interior near the produce aisle when she slipped on a substance on the floor, causing her to fall to the ground.

6. Defendant owed Plaintiff a duty of reasonable care.

7. Defendant is vicariously liable for the acts or omissions of its agents, representatives, and employees.

8. Defendant committed one or more of the following acts or omissions and is therefore negligent, including but not limited in the following manners:

   a. Failed to keep the floor surface area clean and free of debris for business invitees;

   b. Failed to adequately patrol the store floor surface for debris and substances;

   c. Failed to adequately warn guests of the hazardous condition posed by the substance on the floor.

   d. There were inadequate warnings to patrons or Plaintiff regarding the wet floor.

9. As a direct and proximate cause of Defendant's carelessness and negligence, Plaintiff sustained personal injuries, including a fractured shoulder and ankle injury.

10. All of the said injuries are permanent, except those which are superficial in nature.

11. Defendant's negligence was a proximate cause of Plaintiff's injuries.

12. As a result of the injuries Plaintiff sustained, she has experienced extreme physical pain and suffering, limitations upon her activities, and mental and emotional suffering.

13. In an attempt to treat her injuries and lessen her pain and suffering, Plaintiff has been required to engage the services of hospitals, physicians, and specialists for medical care and treatment, for which she has incurred medical expenses.

14. Plaintiff may require additional medical care and treatment in the future, for which she will incur additional medical expenses.

15. As a direct and proximate result of the carelessness and negligence of Defendant, as aforesaid, Plaintiff has been injured and damaged.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount commensurate with her injuries and damages, for the cost of this action, and for all other relief just and proper in the premises.

Respectfully submitted,

YOSHA COOK & TISCH

By: __/s/ Brandon A. Yosha_____
Brandon A. Yosha, No. 36138-29
Counsel for Plaintiff

YOSHA COOK & TISCH
9102 N. Meridian Street, Suite 535
Indianapolis, IN  46260
Ph: (317)334-9200
Fx: (317)566-3578